# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DR. BOBBY OJOSE<br>18721 Rochelle Avenue<br>Cerritos, CA 90703<br><br>Plaintiff,<br><br>v.<br><br>DR. MARCIA J. MATANIN<br>In Her Individual and Official Capacity<br>Youngstown State University<br>1 University Plaza<br>Youngstown, OH 44555<br><br>and<br><br>JAMES P. TRESSEL<br>In His Individual and Official Capacity<br>Youngstown State University<br>1 University Plaza<br>Youngstown, OH 44555<br><br>and<br><br>DR. MARTIN A. ABRAHAM<br>In His Individual and Official Capacity<br>Youngstown State University<br>1 University Plaza<br>Youngstown, OH 44555<br><br>and<br><br>DR. CHARLES L. HOWELL<br>In His Individual and Official Capacity<br>Youngstown State University<br>1 University Plaza<br>Youngstown, OH 44555<br><br>and | CASE NO. 4:16 CV 2952<br><br>JUDGE BENITA Y. PEARSON<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**FIRST AMENDED COMPLAINT**<br>**(Jury Demand Endorsed Herein)** |

| | |
|---|---|
| KEVIN W. REYNOLDS | ) |
| In His Individual and Official Capacity | ) |
| Youngstown State University | ) |
| 1 University Plaza | ) |
| Youngstown, OH 44555 | ) |
| | ) |
| and | ) |
| | ) |
| CYNTHIA A. KRAVITZ | ) |
| In His Individual and Official Capacity | ) |
| Youngstown State University | ) |
| 1 University Plaza | ) |
| Youngstown, OH 44555 | ) |
| | ) |
| Defendants. | ) |

Now comes Bobby Ojose ("Plaintiff"), by and through the undersigned counsel, and for his First Amended Complaint alleges as follows:

## **JURISDICTION**

1. Jurisdiction is invoked pursuant to 28 U.S.C.§ 1331, §1343 and §1367 as one of more of the claims arise "under the Constitution, laws, or treaties of the United States."

2. Plaintiff states that Defendant qualifies as an employer under R.C. 4112, et seq.

3. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims within which this Honorable Court has original jurisdiction "that they form part of the same case or controversy under Article III of the United States Constitution."

4. Plaintiff states that all other jurisdictional requirements have been met.

5. Venue is conferred under 28 U.S.C. § 1391 (b) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

## PARTIES

6. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

7. Plaintiff, Dr. Bobby Ojose, is an African American male who resides in Cerritos, California. At all times relevant, Plaintiff was an employee of Youngstown State University ("YSU")

8. Defendant, Dr. Marcia J. Matanin ("Matanin") is a Caucasian female, who was, at all times relevant, an employee of YSU. Matanin is the Chair of the Department of Teacher Education at YSU. Matanin is named in her official and individual capacities.

9. Defendant, James P. Tressel ("Tressel") is a Caucasian male, who was, at all times relevant, an employee of YSU. Tressel is the President of YSU. Tressel is named in his official and individual capacities.

10. Defendant, Dr. Martin A. Abraham ("Abraham") is a Caucasian male, who was, at all times relevant, an employee of YSU. Abraham is the Provost, Vice President of Academic Affairs at YSU. Abraham is named in his official and individual capacities.

11. Defendant, Charles L. Howell ("Howell") is a Caucasian male, who was, at all times relevant, an employee of YSU. Howell is the Dean of Beeghly College of Education. Howell is named in his official and individual capacities.

12. Defendant, Kevin W. Reynolds ("Reynolds") is a Caucasian male, who was, at all times relevant, an employee of Youngstown State University. Reynolds is the Chief Human Resources Officer. Reynolds is named in his official and individual capacities.

13. Defendant, Cynthia A. Kravitz ("Kravitz") is a Caucasian female, who was, at all times relevant, an employee of YSU. Kravitz is the Director of the Office of Equal Opportunity

and Policy Development at YSU. Kravitz is named in her official and individual capacities.

## **STATEMENT OF THE FACTS**

14. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

15. Plaintiff is African American.

16. In July 2013, Plaintiff was employed by YSU as an Assistant Professor in the Department of Teacher Education.

17. Matanin became Chair of the Department of Teacher Education the following year.

18. During his tenure at YSU, Plaintiff was never disciplined, reprimanded, or written up for any violations of policy or procedure.

19. While at YSU, Plaintiff published a book, wrote four peer-reviewed articles and gave multiple conference presentations.

20. On or about May 28, 2015, Plaintiff received a performance appraisal and rating by Matanin that was lower than similarly situated White co-professors, including Dr. Cripe, Dr. Saunders-Smith, Dr. List, Dr. Ratican and Dr. LaVine.

21. Howell signed the evaluation on or about July 30, 2015.

22. The actions of Matanin and Howell constitute a grand design based on falsehoods to force Plaintiff out of YSU.

23. Despite the fact that Plaintiff's teaching was at the same level and in some instances superior to those of Caucasian professors, Plaintiff was rated lower while all Caucasian professors were rated higher.

24. For example, in the appraisal period, Plaintiff's teaching records indicated that he had a success rate of 92% in the course TEMC 3702 (Spring 2014), 100% success rate in the course ECE 3713 (Spring 2014), 100% success rate in the course SED 4800M (Fall 2015) 91% success rate in the course TEMC 3704 (Fall 2014), and 83% success rate in the course ECE (Fall 2014).

25. On information and belief, when these numbers are compared to those of Caucasian professors, they are either at the same level or better than those of Caucasian professors. Yet all Caucasian professors received ratings of satisfactory or better while Plaintiff was rated "weak."

26. On information and belief, of the seven professors that were evaluated during this time period, all five Caucasian professors received ratings of satisfactory or better in teaching while the two African American professors received ratings of "weak" or lower.

27. On October 8, 2015, Plaintiff sent a letter to Tressel and Abraham outlining the racial discrimination in the Department of Teacher Education by Matanin and Howell. However, they failed to respond.

28. In November 2015, Plaintiff filed a complaint with the YSU Office of Equal Opportunity and Policy Development.

29. Kravitz investigated Plaintiff's complaint.

30. On January 5, 2015, Kravitz issued her investigative report stating that there was insufficient evidence to determine that Matanin violated YSU's discrimination policy.

31. Kravitz's investigation omitted relevant information.

32. On January 23, 2016, Plaintiff sent an email to Kravitz, with a copy to Howell, Matanin, Abraham, Tressel, and Reynolds, outlining the discrimination in the Department of Teacher Education. Plaintiff did not receive a response to the email.

33. Matanin and Howell continued to discriminate against Plaintiff.

34. YSU officials failed to adequately address and stop the discrimination.

35. Plaintiff has been discriminated against because of his race, African American.

36. Plaintiff was subjected to work in a racially prejudicial work environment.

37. In May 2016, Plaintiff was forced to resign his appointment as an Assistant Professor due to the racial discrimination being perpetrated against him.

## FIRST CAUSE OF ACTION – DUE PROCESS VIOLATIONS

38. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

39. Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourteenth Amendment to the United States Constitution.

40. Plaintiff brings all claim against all Defendants jointly and severally.

41. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

42. Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

43. Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

44. Plaintiff has a life, liberty, or property interest in his employment protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution ("Due Process Clause").

45. Plaintiff's legitimate claims of entitlement to her property and benefits are manifested through his employment contract, policies, guidelines, rules, and regulations.

46. Defendants acted under color of law to deprive Plaintiff of his protected property interests under the Due Process Clause by constructively discharging Plaintiff.

47. Plaintiff was not afforded adequate procedural rights prior to the deprivation of his protected interests as Defendants deprived Plaintiff of the rights and privileges afforded the Assistant Professor position without due process.

48. The deprivation of these protected interests violates Constitutional notions of due process.

49. Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's privileged property interests.

50. The deprivation of Plaintiff's protected property interests resulted from a policy and practice.

51. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff relief including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, injunctive relief, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

**SECOND CAUSE OF ACTION – EQUAL PROTECTION SECTION VIOLATIONS**

52. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

7

53. Plaintiff brings this claim pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

54. Plaintiff brings all claims against all Defendants jointly and severally.

55. Defendants are persons for purposes of 42 U.S.C. § 1983 liability.

56. Defendants are not entitled to qualified immunity as the Complaint states a constitutional right, which was clearly established at the time of Defendants' misconduct.

57. Defendants are the final policy-makers for purposes of 42 U.S.C. § 1983 liability.

58. Defendants acted under color of law to deprive Plaintiff of his right to be free from race discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

59. Plaintiff is a member of a statutorily-protected class as he is African American.

60. Defendants subjected Plaintiff to adverse employment actions with a discriminatory intent and purpose.

61. Plaintiff brings all claims against all Defendants jointly and severally.

62. Plaintiff is qualified for the position referenced herein.

63. Defendants treated Plaintiff differently than other non-protected employees for engaging in the same or similar conduct.

64. Defendants approved, ratified, or otherwise caused the deprivation of Plaintiff's right to be free from race discrimination.

65. The deprivation of Plaintiff's right to be free from race discrimination resulted from a policy, custom, and practice of the University.

66. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff relief including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, injunctive relief, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## THIRD CAUSE OF ACTION – RACIALLY DISCRIMINATORY ENVIRONMENT

67. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

68. Plaintiff has been subjected to work in a racially prejudicial and hostile work environment at the behest of Defendants.

69. Plaintiff brings all claims against all Defendants jointly and severally.

70. Defendants' conduct described herein constitutes a discriminatory environment.

71. Defendants maintain a pervasive and vile atmosphere perpetuating discriminatory treatment of African American employees. Plaintiff and other African-American employees have been subjected to a discriminatory work environment which is illustrated by the above discriminatory actions involving Plaintiff and other African American employees.

72. Defendants' conduct in creating and maintaining a discriminatory work environment constitutes intentional discrimination, with malice, against Plaintiff.

73. Defendants' conduct in creating and maintaining a discriminatory work environment constitutes disparate treatment of African American employees such as Plaintiff, and Defendants' conduct has a disparate impact on African American employees.

74. Defendants' conduct with regard to maintaining a discriminatory work environment constitutes intentional discrimination, with malice, against Plaintiff and other African Americans.

75. Defendants' conduct with regard to maintaining a discriminatory work environment has damaged Plaintiff and other African-Americans.

76. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff relief including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, injunctive relief, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### FOURTH CAUSE OF ACTION – STATE RACE DISCRIMINATION

77. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

78. Plaintiff brings this claim pursuant to OHIO REV. CODE §§ 4112.02 and/or 4112.99.

79. OHIO REV. CODE § 4112.02(J) makes in unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."

80. Plaintiff brings this claim against all Defendants.

81. As an African American, Plaintiff is a member of the statutorily-protected class.

82. Defendants subjected Plaintiff to adverse employment actions (i.e. poor evaluations,

constructive discharge).

83. Plaintiff is qualified for the position referenced herein.

84. Plaintiff's race was a motivating factor in the adverse employment actions (i.e. poor evaluations, constructive discharge).

85. Defendants replaced Plaintiff with an individual outside the protected class and/or otherwise treated Plaintiff differently than other similarly-situated, non-protected employees.

86. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff relief including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, injunctive relief, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

### FIFTH CAUSE OF ACTION – CONSTRUCTIVE TERMINATION

87. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

88. As a result of Plaintiff's protected activities as described above, Defendants created and/or knowingly allowed to exist conditions that were so aggravated and intolerable that any reasonable person in Plaintiff's condition would have felt no alternative but to quit.

89. Defendants deliberately made Plaintiff's work conditions so intolerable that he was forced into an involuntary resignation.

90. Plaintiff's employment was constructively terminated in violation of 42 U.S.C. § 1983 and fundamental public policies, including, without limitation, encouraging employees to

report discrimination without fear of retaliation and the right to prohibit employers from retaliating against employees who report information about discriminatory working conditions. These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

91. As set forth above, said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy as reflected in law, objectives and policies. Said laws, which establish these fundamental public policies include, without limitation: 42 U.S.C. § 1983 and Ohio Revised Code 4112, et seq.

92. As a direct and foreseeable result of the aforesaid acts of said Defendants, Plaintiff has lost and will continue to lose income and benefits in an amount to be proven at the time of trial.

93. The above described acts of Defendants, by and through their agents, officers or directors, were engaged in with a deliberate, and intentional manner in order to injure and damage Plaintiff and/or with a conscious disregard of Plaintiff and Plaintiff's rights. Such acts constitute malice and/or oppression.

94. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff relief including compensatory damages of $1,000,000.00, punitive damages of $500,000.00, future pecuniary losses, injunctive relief, emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, back pay, front pay, attorney fees, reinstatement, costs, and any other legal or equitable relief as this Honorable Court deems just and proper.

## SIXTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE WITH A BUSINESS RELATIONSHIP

95. Plaintiff reincorporates by reference the allegations set forth above as if fully rewritten herein.

96. Plaintiff brings this claim against all Defendants jointly and severally.

97. There exists an employment and/or business relationship between Plaintiff and YSU by virtue of Plaintiff's contract as Assistant Professor with YSU.

98. Defendants had knowledge of the relationship between Plaintiff and YSU.

99. Defendants interfered with that relationship by engaging in the following activities:

    a. Depriving Plaintiff of his contract as Assistant Professor without affording Plaintiff any due process;

    b. Subjecting Plaintiff to a racially discriminatory environment;

    c. Depriving Plaintiff of his salary under the contract; and

    d. Depriving Plaintiff of the rights and privileges afforded the Assistant Professor position.

100. The interference caused a breach or termination of the relationship between Plaintiff and YSU.

101. Plaintiff suffered damages as a result of the interference.

102. **WHEREFORE**, Plaintiff requests that this Court award Plaintiff compensatory damages of $50,000.00, punitive damages of $50,000.00, attorney fees, costs and grant any other relief as this Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

**EDWARD L. GILBERT CO., LPA**

/s/ Edward L. Gilbert
Edward L. Gilbert (0014544)
One Cascade Plaza, Suite 825
Akron, Ohio 44308
(330) 376-8855 Telephone
(330) 376-8857 Fax
*egilbert@edwardlgilbert.com*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Edward L. Gilbert
Edward L. Gilbert
Attorney for Plaintiff