PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DR. BOBBY OJOSE, | ) |
| Plaintiff, | ) CASE NO. 4:16CV2952 |
| | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| DR. MARCIA J. MATANIN, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 80] |

Pending is Defendants Drs. Marcia J. Matanin and Charles L. Howell's Motion to Dismiss Complaint With Prejudice Pursuant to 28 U.S.C. § 1915(e)(2) ("motion") (ECF No. 80). The Court has been advised, having reviewed the record, the memorandum in support of the motion, Plaintiff Dr. Bobby Ojose's Amended Opposition to the motion and Declaration (ECF No. 85), reply memorandum in support of the motion (ECF No. 86), and the applicable law. For the reasons set forth below, the motion is granted because Plaintiff's allegation of poverty is untrue.

**I. Background**

On December 8, 2016, Plaintiff filed a Complaint (ECF No. 1) alleging employment discrimination. On that same date, Plaintiff also filed a completed Application to Proceed Without Prepayment of Fees and Affidavit ("IFP Application") (ECF No. 2)[1] and Motion for

---

[1] Plaintiff also filed an IFP Application in *Ojose v. U.S. Department of Homeland Security*, No. 4:14CV0760 (filed April 8, 2014) (Pearson, J.). On July 3, 2014, the IFP Application was denied because Plaintiff's earnings exceeded his financial obligations.

(continued...)

(4:16CV2952)

Appointment of Counsel (ECF No. 3). Based upon the representations of Plaintiff in the Application and Motion for Appointment of Counsel, the Court granted Plaintiff's (1) IFP Application, *see* Order (ECF No. 4), and (2) Motion for Appointment of Counsel "to the extent the Court makes inquiry [as to whether counsel will represent Plaintiff pursuant to the Court's Pro Bono Civil Case Protocol]," Order (ECF No. 10). On February 22, 2017, Attorney Edward L. Gilbert was appointed to represent Plaintiff in the above-entitled action. *See* Order (ECF No. 13).

>The IFP Application states, in pertinent part, as follows:
>
>I, Bobby Ojose, swear or affirm under penalty of perjury that I am the petitioner/plaintiff/movant in the above-named proceeding, that I am unable to pay the costs of these proceedings, and that I believe I am entitled to the relief sought in the complaint/petition/motion. I further swear or affirm under penalty of perjury under United States laws that my answers on this form and any attachments are true and correct.

ECF No. 2 at PageID #: 8. Plaintiff printed and signed his name, and noted the date -- December 7, 2016. ECF No. 2 at PageID #: 8. The IFP Application form (AO239 (4/13) N.D.OHIO) clearly and unambiguously asks questions in plain English and is designed for use by non-lawyers.

- Under Section 2, "Income Source," Plaintiff failed to provide any information about his or his spouse's average monthly income from "Employment" during the past 12 months. For the "Amount expected next month," from "Employment," Plaintiff indicated a "zero" or no income for either himself or his spouse. Plaintiff also noted a "zero" or no income

---

[1](...continued)
Order (ECF No. 3 in No. 4:14CV0760). Plaintiff subsequently paid the filing fee.

(4:16CV2952)

> for himself from "Self-employment." For his spouse, he indicated the amount of "$2,000" as the amount expected from self-employment for the "Amount expected next month." Plaintiff did not respond to the inquiry as to his or his spouse's "Income from real property (such as rental income)." ECF No. 2 at PageID #: 8.

- Under Section 3, the IFP Application asks "Are you currently employed?" Plaintiff placed an "X" in the box for "No." ECF No. 2 at PageID #: 9. Similarly, Plaintiff placed an "X" in the box indicating "No" for the question "Is your spouse currently employed?" ECF No. 2 at PageID #: 9.

- Under Section 4, the IFP Application required that Plaintiff "[l]ist [his] employment history, current or, if you are not currently employed, most recent employer first." Plaintiff listed "Youngstown State University" as his most recent employer. He did not list any other employer subsequent to Youngstown State University. ECF No. 2 at PageID #: 9.

- Under Section 5, the IFP Application required that Plaintiff "[l]ist [his] spouse's employment history, current or, if your spouse is not currently employed, most recent employer first." Plaintiff responded "N/A." ECF No. 2 at PageID #: 9.

- Under Section 6, the IFP Application required that Plaintiff "state any money you or your spouse have in checking or savings accounts or in any other financial institution." Plaintiff responded "N/A." ECF No. 2 at PageID #: 9.

(4:16CV2952)

- Under Section 7, the IFP Application required that Plaintiff "[l]ist the assets, and their values, that you own or your spouse owns." Under asset listings for "Home" and "Real Estate," Plaintiff indicated a "zero" for the "Value" of both. ECF No. 2 at PageID #: 9.

In addition, Plaintiff stated in his Motion for Appointment of Counsel: "I am currently not working and do not have the financial capability of retaining a counsel at this time and also cannot wait until I get a job to file the case." ECF No. 3 at PageID #: 12.

Discovery has revealed, however, that Plaintiff was employed and owned valuable real estate at the time he filed his IFP Application and Motion For Appointment of Counsel. Plaintiff's verified Responses to Defendants' First Set of Interrogatories (dated October 3, 2017), provide, in relevant part:

> **INTERROGATORY No. 3:**
> Please set forth your work history for the past ten (10) years, including the dates of each job/position held during such time, the address of each such employer, and the name and telephone number of your immediate supervisor for each such employer.
> **ANSWER:**
> Golden West College, Adjunct Part-time: 2016 to 2017
> 15744 Golden West Street, Huntington Beach, CA 92647
> Supervisor: Pete Bouzar
> Tel: 714-892-7711 Ext 52247
>            \*   \*   \*

ECF No. 80-2 at PageID #: 1702. Plaintiff's Supplemental Responses to Defendants' First Set of Interrogatories (dated May 8, 2018), provide, in pertinent part:

> **INTERROGATORY NO. 38:**
> Identify all persons or entities from which you earned income since your employment with the University ended.
> **ANSWER:**
> **OBJECTION.** Plaintiff objects because this request is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead

4

(4:16CV2952)

>  to the discovery of admissible evidence. Without waiving the foregoing or general objections, Plaintiff states the following:
>  Golden West College
>
>  * * *
>
>  **INTERROGATORY NO. 39:**
>  For each person or entity identified in your answer to the previous interrogatory, state the following.
>      A.    How much income you earned;
>      B.    When you earned the income.
>  **ANSWER:**
>  **OBJECTION.** Plaintiff objects because this request is overly broad, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing or general objections, Plaintiff states the following:
>  2016 - Golden West College (About $5,400)
>
>  * * *

ECF No. 80-3 at PageID #: 1755-56. At his deposition, taken on July 18, 2018, Plaintiff testified that he was employed at Golden West College in California.

> Q. . . .Were you able to find employment after you left Youngstown State?
> A. I'm still doing part time teachings right now. I'm doing adjunct teaching right now. I don't have a full-time position right now, but I'm doing adjunct.
> Q. What does adjunct mean?
> A. It's part-time teaching.
> Q. Where are you doing that?
> A. Golden West College.
> Q. Golden West College?
> A. Yeah.
> Q. Where is that located?
> A. It's in California.

Deposition of Bobby Ojose, Ph.D. (ECF No. 80-15) at PageID #: 1837, Page 289-90.

Certified employment and benefits records from Coast Community College District, which includes Golden West College,[2] confirm that Plaintiff was employed by the Coast

---

    [2] Golden West College is part of the Coast Community College District, a

(continued...)

(4:16CV2952)

Community College District beginning on August 29, 2016. *See* ECF Nos. 80-4 and 80-5.

Plaintiff testified as follows at his deposition:

> Q. Okay. I thought I had something down here about California Coastal or something like that.
> A. You mean California -- I have no idea what you're talking about.
> \* \* \*
> A. So let me just help you. . . .
> So the Coastal thing you're talking about, it could be after I left here. Maybe you probably talking about maybe one of my answers when you were asking where I -- where I went after -- you know, after here -- after YCU (sic) where did I go to.
> So right now I'm still there as an adjunct just teaching -- yeah, just teaching on part-time basis.

ECF No. 80-15 at PageID #: 1830, Pages 19-20.

> Plaintiff also testified that his spouse "probably" earns $100,000 per year.
>
> Q. Is there another income from your spouse?
> A. Yeah.
> Q. About what -- what amount is that?
> A. She works -- she has a very good job. She earn a lot of money.
> Q. Okay. How much is that?
> A. Probably $100,000 per year.

ECF No. 80-15 at PageID #: 1837, Page 290.

Plaintiff and his spouse have also continuously owned real estate in Los Angeles County, California since at least June 2013. County records show that Plaintiff paid $640,006 for the real estate located at 5744 Hayter Avenue, Lakewood, California 90712-1609 (the "Hayter Property"), and a mortgage in the amount of $549,450.00 was recorded on June 28, 2013. *See*

---

[2](...continued)
multi-college district that also includes Orange Coast College and Coastline Community College. http://www.goldenwestcollege.edu/about/ (last visited Feb. 26, 2019).

(4:16CV2952)

Deed of Trust (ECF No. 80-9). The county tax assessor records note the purchase price of the Hayter Property and indicate that no transfer has occurred since June 28, 2013. ECF No. 80-10.. The tax assessor web site provides that the current tax value of the Hayter Property is $706,494 and the tax value was $665,748 on July 5, 2016. *See* https://portal.assessor.lacounty.gov/parceldetail/7159004036 (last visited Feb. 26, 2019). During his deposition, Plaintiff acknowledged that he owned a home in California.

> Q. Do you still have the same home out in California you had previously?
> A. Yes.
> Q. Okay. So you never, like, in a sense sold it when you came here?
> A. No. No. No. It was rented out.
> Q. Okay.
> A. It was not -- that's my property.

ECF No. 80-15 at PageID #: 1837, Page 291.

## II. Standard of Review

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Similarly, as the Court noted in its February 6, 2017 Order, appointment of counsel in a civil case is not a constitutional right, "[i]t is a privilege that is justified only by exceptional circumstances." ECF No. 10 at PageID #: 52 (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)). *See* 28 U.S.C § 1915(e)(1) ("The court may request an attorney to represent any such person unable to afford counsel.").

Section 1915(e)(2)(A), Title 28, provides, in relevant part, that "[n]otwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." When a court determines that a plaintiff's allegations of poverty are untrue, dismissal is required under the mandatory language

7

(4:16CV2952)

of the statute. *See Redd v. Redmon*, No. 99-6001, 2000 WL 658291, at *1 (6th Cir. May 9, 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue"); *Johnson v. Working America*, No. 1:12CV1505, 2013 WL 3822232 (N.D. Ohio July 23, 2013) (adopting report and recommendation) (Boyko, J.).

> As stated by U.S. Magistrate Judge Greg White in *Johnson*:
>
> . . . Federal courts of appeals, including the Sixth Circuit, have held that district courts have the discretion to dismiss a case with prejudice where a plaintiff intentionally and in bad faith misrepresents his financial status in order to proceed *in forma pauperis*. *See e.g. Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983); *Vann v. Comm'r of the New York Dep't of Corr.*, 2012 WL 4010492 at *2 (2nd Cir. Sept.13, 2012); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306-307 (7th Cir. 2002); *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990). In this context, "bad faith . . . includes deliberate concealment of income in order to gain access to a court without prepayment of fees." *Vann*, 2012 WL 4010492 at *2 (citing *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp.2d 463, 467-68 (S.D.N.Y. 2004)). *See also Jones v. Michigan Dep't of Human Services*, 2013 WL 640771 at *1 (E.D.Mich. Feb. 21, 2013).

2013 WL 3822232, at *5. "[T]o dismiss without prejudice where an applicant intentionally lies on an IFP form would encourage the very perjury Congress sought to deter in § 1915." *Justice v. Granville Cnty. Bd. of Educ.*, Nos. 5:10-CV-539 BR, 5:11-CV-99-BR, 5:11-CV-400-BR, 5:11-CV-706-BR, 2012 WL 1801949, at *5 (E.D.N.C. May 17, 2012) (quoting *Mullins v. Hallmark Data Systems, LLC*, 511 F. Supp.2d 928, 940 (N.D. Ill. 2007)), *aff'd sub nom.*, 479 Fed.Appx. 451 (4th Cir. 2012).

### III. Analysis

#### A.

This action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A) on the grounds that Plaintiff intentionally misrepresented the financial status of himself and his spouse

8

(4:16CV2952)

in his IFP Application (ECF No. 2) and Motion for Appointment of Counsel (ECF No. 3) in several material respects. Plaintiff's verified Responses and Supplemental Responses to Defendants' First Set of Interrogatories, deposition testimony, and certified employment and benefits records from Coast Community College District contradict Plaintiff's sworn statements in his IFP Application and his assertion to the Court in his Motion for Appointment of Counsel that he was "currently not working," and had "zero" income "expected next month." Moreover, the county tax assessor records, Deed of Trust, and Plaintiff's deposition testimony contradict Plaintiff's sworn statements in Section 7 of his IFP Application when he indicated "zero" for the "Value" for "Home" and "Real Estate." Plaintiff offers no credible explanation as to how these misrepresentations could have been anything other than intentional and in bad faith.

Plaintiff admits that he was employed with Golden West College, beginning in August 2016, and continued to be employed as of December 7, 2016, the date he (1) swore that his answers contained in his IFP Application were true and correct and (2) stated in his Motion for Appointment of Counsel: "I am currently not working . . ." *See* ECF No. 85 at PageID #: 1923. He contends, however, that because his job would be ending on December 18, 2016, he "believed that claiming to have employment when in fact that job is terminating is not helpful to his plight[,]" and that ". . . doing so would give the reviewer of the IFP application a false sense of his financial capability." ECF No. 85 at PageID #: 1924. But, Plaintiff continued to be employed by Golden West College well beyond December 18, 2016. *See* ECF No. 80-2 at PageID #: 1702; ECF No. 80-15 at PageID #: 1837, Page 289-90 and Page ID #: 1830, Page 20; ECF Nos. 80-4 and 80-5. Plaintiff also testified during his deposition that his spouse "probably"

9

(4:16CV2952)

earns $100,000 per year. ECF No. 80-15 at PageID #: 1837, Page 290. However, on the IFP Application, he indicated that his spouse was expected to make $2,000 "next month" from self-employment, a far cry from $100,000 annually that he disclosed at his deposition. ECF No. 2 at PageID #: 8.

Plaintiff also acknowledges that he and his spouse own real estate. *See* ECF No. 85 at PageID #: 1927. He asserts that the real estate was "not a home . . . as [he] did not occupy it." ECF No. 85 at PageID #: 1927. Rather, Plaintiff asserts that he "only owned a rental property as [of] December 7, 2016." ECF No. 85 at PageID #: 1927. He describes a negative cash flow from this rental property. Regardless of whether or not his assertions are accurate, Plaintiff does not dispute either his ownership of real estate, nor that the property has value, and had value at the time he noted "zero" for the "Value" of any "Home" and "Real Estate" under Section 7 of the IFP Application.

**B.**

The Court will ordinarily reimburse assigned counsel, pursuant to the Pro Bono Civil Case Protocol, for certain expenses incurred in providing representation up to $1,500. Requests for reimbursement beyond that amount must be accompanied by an explanation and generally must be approved by the Chief Judge. Attorney Gilbert has made a request for reimbursement that is beyond $1,500. The Court finds that making the request for reimbursement is reasonable. Given the Court's finding that Plaintiff's allegation of poverty is untrue, judgment will be entered in favor of Attorney Gilbert against Plaintiff for reimbursement of pro bono expenses.

(4:16CV2952)

If it has not already been done, Attorney Gilbert shall immediately provide Plaintiff with a copy of his application for reimbursement of pro bono expenses. Within 21 days of receiving a copy of the application for reimbursement, Plaintiff shall serve and file a Response. Thereafter, the Court will determine the amount of the reimbursement to Attorney Gilbert.[3]

### IV. Conclusion

Defendants Marcia Matanin and Charles Howell's Motion to Dismiss Complaint With Prejudice Pursuant to 28 U.S.C. § 1915(e)(2) (ECF No. 80) is granted.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Dr. Bobby Ojose, 5744 Hayter Avenue, Lakewood, California 90712-1609.


   IT IS SO ORDERED.


|   March 6, 2019   |   /s/ Benita Y. Pearson   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[3] *See, e.g.*, *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982) (requests for attorney's fees are generally collateral to the merits). *See also Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 199-200 (1988) (merits decision final despite unresolved fee motion).

11